# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA

v.

__Kenneth Richard Kennedy__
_Defendant_

ORDER OF DETENTION PENDING TRIAL

Case Number: 14-30105

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____
_____
_____

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

_____
_____
_____
_____
_____
_____

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

3/14/2014
_Date_

_Signature of Judge_
U.S. Magistrate Judge Mona K. Majzoub
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 _et seq._); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 _et seq._); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Kenneth Richard Kennedy Order of Detention

This is a presumption case.

Defendant is charged by way of criminal complaint with Receipt and Possession of Child Pornography.

Defendant is a 50 year old divorced male with no children who has lived in this district since 1981. Prior to that he lived in Oceanside California. He has no family ties to this district. He is a convicted sex offender, who on 5/8/1998 at age 33 was charged with CSC 1st Degree (male under the age of 13), CSC 1st Degree (female under the age of 13) and CSC 2nd Degree (male victim, multiple variables) and was found guilty and sentenced to a prison term of 8 - 15 years on July 25, 2001. Defendant remained in state custody from 1998 - 2010, and was discharged from parole on 10/5/2012.

Since then Defendant has resided in an apartment community in Monroe approved by MDOC for convicted sexual offenders who are required to register with the Michigan Public Sex Offender Registry. Defendant is a Tier 3 offender and is required to comply with lifetime registration. Defendant's roommate is also a registered sex offender. Prior to the filing of the instant charges, Defendant has been compliant with the terms and conditions of the Sex Offender Registry.

The facts leading up to the filing of the federal criminal complaint are as follows: on July 2, 2013 Defendant contacted Samsung ASC Service Repair because his notebook was "freezing up" and he asked to have his computer completely restored. Defendant shipped his computer to Samsung's contract service provider in Texas. The computer was opened and an employee of the service provider found what was thought to be child pornography on the computer. The local police were contacted; shortly thereafter the US Postal Inspector was contacted and took custody of the computer on August 1, 2013. The computer was mailed to the U.S. Postal Inspection Service in Detroit, Michigan in late August 2013.

A forensic examination of the computer revealed more than 670 images of prepubescent and pubescent boys in various states of undress, and several pictures of boys exposing their genitals, and several images of young boys sexually engaged with adult women, and a picture of a naked prepubescent boy standing with his penis in a woman's mouth.

A search warrant was executed upon Defendant's apartment whereupon Defendant's laptop computer was seized and found to have a terabite of storage capacity. Four images of child pornography were recovered. Also in Defendant's apartment next to his desk was a framed picture of a 14 year old boy, posing shirtless. Defendant said that the boy was his nephew.

Defendant argues for a bond, stating that the federal government was in no hurry to press charges, and left him unsupervised in the community for a period of six months, implying that Defendant does not pose a imminent danger to the community.

The government argues that Defendant is a danger to the community, not only in terms of his past three convictions for sexually violating three children under the age of 13, but also because after having served more than nine years in prison, and after having been released from parole only <u>nine</u> months prior to the discovery of the above described pornographic images, he continues to gratify himself with hundreds of images of child pornography which he maintains on his personal computers. Defendant fully admitted that both computers belong to him, and he admitted that both computers contained his child pornography.

Pretrial Services concludes that Defendant is a danger to the community based upon the nature of the instant offenses charged, Defendant's history and prior convictions for CSC 1st degree (2) and CSC 2nd Degree (1) involving three children under the age of 13, his history of violence and sexual abuse of children, and his continuing behaviors which involve maintaining hundreds of images of child pornography on his computers for his personal gratification.

This Court finds that there is clear and convincing evidence that Defendant poses a danger to the community, and that there is no condition or combination of conditions that could reasonably assure the safety of the community.

The presumption of detention was not sufficiently rebutted.

Therefore Detention is Ordered.